# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 15-40274
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2015

Lyle W. Cayce
Clerk

———

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DUANE LAMAR BYERS,

Defendant-Appellant

———

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-818-1

———

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Dwayne Lamar Byers, federal prisoner # 96454-279, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on retroactive Amendment 782 to U.S.S.G. § 2D1.1. By moving to proceed IFP, Byers is challenging the district court's certification that his appeal was not taken in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40274

good faith because it is frivolous. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Byers contends that the district court erred in determining that he was not eligible for the sentencing reduction. However, as he simultaneously concedes, the district court found him eligible for the reduction but declined to exercise its discretion to reduce his sentence, determining that relief was unwarranted based on the 18 U.S.C. § 3553(a) factors. *See Dillon v. United States*, 560 U.S. 817, 827 (2010). Alternatively, Byers argues that the district court abused its discretion in denying a sentencing reduction without a sufficient explanation and based on factors which were known at the time of original sentencing. He complains that the district court failed to consider new factors, including his participation in a residential drug treatment program.

The record reflects that the district court considered Byers's motion as a whole, gave specific reasons for its denial, and referenced the relevant § 3553(a) factors. Byers thus cannot show an abuse of discretion on the district court's part. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011); *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).

Byers has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his IFP motion is DENIED. Additionally, because this appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.